## IN THE UNITED STATES COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GONZALEZ-MARTINEZ, JOVAN LEOBARDO,**<br>Petitioner,<br><br>**vs.**<br><br>**PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ALLEN GILL, in his official capacity as Field Office Director of Omaha; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; Department of Homeland Security** | **Case No.** |

### PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR INJUNCTIVE RELIEF

COMES NOW, Jovan Leobardo Gonzalez-Martinez, Petitioner in the above captioned case, by and through his attorney Paul J. Forney, and hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention, and enjoin Petitioner's unlawful detention by the Respondent.  In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

**PARTIES**

1. Petitioner, Jovan Leobardo Gonzalez-Martinez, is a native and citizen of Mexico.

2. Respondent Pamela Bondi, Attorney General of the United States. As such, Ms. Bondi is the head of the Department of Justice, which encompasses the Board of Immigration Appeals. Ms. Bondi is being sued in her official capacity.

3. Respondent Todd Lyons is the Acting Director, Immigration and Customs Enforcement. In this capacity, Mr. Lyons has responsibility for the enforcement of immigration laws. Mr. Lyons is being sued in his official capacity.

4. Respondent Allen Gill, Field Office Director of Omaha office of United States Immigration and Customs Enforcement. Mr. Gill is in charge overseeing and managing ICE in Nebraska. Mr. Gill is being sued in his official capacity.

5. Respondent Rob Jeffreys, Director of Nebraska Department of Corrections. In this capacity, Mr. Jeffreys oversees the entire Nebraska corrections system. Nebraska has contracted with the Department of Homeland Security to be managed by the Nebraska Department of Correctional Services. Mr. Jeffreys being sued in his official capacity.

6. Department of Homeland Security.

## JURISDICTION

7. This action arises under the Constitution of the United States, 28 U.S.C. § 2241(c)(1), and the Immigration and Nationality Act, as amended ("INA"), 8 U.S.C. § 1101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 2241, Art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); INS v. St. Cyr, 533 U.S. 289, 301 (2001)("at its historical core, the writ of habeas corpus has served as a means of reviewing the legality of executive detention, and it is in that context that its protections have been strongest."); *Clark v. Martinez*, 543 U.S. 371 (2005) (holding that *Zadvydas* applies to aliens found inadmissible as well as removable); *Nnadika v. U.S. Att'y Gen.*, 484 F.3d 626, 632 (3rd Cir. 2007) (holding that, post-REAL ID, challenges to detention remain within the jurisdiction of the district court).

## VENUE

8. Venue lies in the District of Nebraska because Petitioner is currently detained in the territorial jurisdiction of this Court, at the Sarpy County Jail. 28 U.S.C. § 2241 et seq. and 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9. Courts generally require "administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (citations omitted). However, such exhaustion is not a "statutory requirement." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (citations and quotations omitted). Courts can waive the exhaustion requirement if administrative remedies would be futile or irreparable injury will result. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025). Since the Petitioner is facing deportation, irreparable injury will result.

## STATEMENT OF FACTS

10. Petitioner is a citizen and national of Mexico. The Petitioner entered the United States on an unknown date, at an unknown location, without being admitted, inspected, or paroled by a Department of Homeland Security.

11. The Petitioner is a Deferred Action for Childhood Arrival (DACA) recipient.

12. On June 22, 2025, immigration officers came across the Petitioner during a Criminal Alien Program ("CAP") screening. The Petitioner was being held in Douglas County Jail.

13. The Petitioner posted bond was taken into ICE custody on February 23, 2026 and transported to the Sarpy County Jail on an immigration hold.

14. On April 1, 2026, the Petitioner was denied a custody redetermination request. The "Order of the Immigration Judge" stated that the immigration court does not have jurisdiction over the case under existing precedent. "Order of the Immigration Judge," 204-300-775 (April 1, 2026).

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

15. The issue is whether the Petitioner should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing.

16. Case law and statutory construction principles show that the Petitioner is currently detained under § 1226(a).

17. The Supreme Court has held that the clear and convincing evidence standard applies to civil detention where liberty is at stake. *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024).

18. While immigration proceedings are in progress, most aliens may be released on bond or paroled. *Rodriguez v. Shanahan*, 84 F. Supp. 3d 251, 254 (S.D.N.Y. 2015) (quotations omitted). There are two statutes which principally govern the detention of non-citizens pending removal proceedings, § 1225(b)(2) and § 1226(a). *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at 11 (D. Mass. Aug. 19, 2025).

19. The distinction is whether the non-citizen is seeking admission or whether removal proceedings are taking place after already being in the United States. A "applicant(s) for admission" are those apprehended at the border or at a port of entry. *Rodriguez v. Robbins*, 715 F.3d 1127, 1132 (9th Cir. 2013). This 'applicant for admission' is seeking admission and detention is governed by § 1225(b)(2). *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). This type of non-citizen, who has not gained entry, has been described as being on the 'threshold of initial entry.' *Xi v. U.S. I.N.S.*, 298 F.3d 832, 838 (9th Cir. 2002). An alien on the threshold of entry "stands on a different footing" in regard to Due Process rights. *Xi v. U.S. I.N.S.*, 298 F.3d 832, 837 (9th Cir. 2002) (citations omitted).

20. The seminal Supreme Court case for differentiating between § 1225(b)(2) and § 1226(a) is *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

21. In *Jennings*, the Supreme Court acknowledged and reaffirmed a basic, straightforward distinction between the two statutes. Namely, that § 1225(b)(2) applies to aliens *seeking admission* to the United States and § 1226(a) applies to aliens already in the country pending the outcome of removal proceedings (i.e., applicant for admission).

*Jennings*, 583 U.S. at 289. The law has consistently reached the sensible and obvious conclusion that these are two distinct, separate elements. *Martinez v. Hyde*, 2025 WL 2084238, at 2 (D. Mass. July 24, 2025); *Romero*, 2025 WL 2403827, at 10.

22. Indeed, § 1225(b)(2) contains different requirements than § 1226(a). For § 1225(b)(2), the statute requires both presence (<u>applicant for admission</u>) and present-tense action (<u>seeking admission</u>). See *Romero v. Hyde*, 2025 WL 2403827, at 9 (D. Mass. Aug. 19, 2025). This would mean for § 1225(b)(2) detention to apply the Petitioner, he would need to be at the 'threshold of entry' to the United States and applying for entrance. See *Xi v. U.S. I.N.S.*, 298 F.3d 832, 838 (9th Cir. 2002). When arrested, the Petitioner was in the Midwest and not near any United States border.

23. Rather, the Petitioner was already in the United States and awaiting the outcome of immigration proceedings. According to Supreme Court precedent, this implicates § 1226(a). See *Jennings*, 583 U.S. at 289.

24. The Department of Homeland Security's novel interpretation that § 1225(b)(2) would govern the Petitioner when already in the United States "is contrary to the agency's own implementing regulations, its published guidance, the decisions of its immigration judges (until very recently), decades of practice, the Supreme Court's gloss on the statutory scheme, and the overall logic of our immigration system." *Romero v. Hyde*, 795 F. Supp. 3d 271, 282 (D. Mass. 2025).

25. Furthermore, principles of statutory construction dictate that § 1226(a) has separate and distinct requirements from § 1225(b)(2).

26. A cardinal principle of statutory construction is that a statute should not be construed (if preventable) so that no clause or word will be superfluous. *Alaska Dept. of Environmental Conservation v. E.P.A.*, 540 U.S. 461, 124 S. Ct. 983, 157 L. Ed. 2d 967 (2004). Courts are hesitant to read statutes in a manner rendering parts of them superfluous or inoperative. *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 203 L. Ed. 2d 433 (2019). If two different terms are used synonymously in a statute this is superfluous language. *Born v. Allen*, 291 F.2d 345, 351 (D.C. Cir. 1960); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). Additionally, words in a statute should not be

construed as surplusage if a reasonable construction will provide meaning. *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004). Similarly, courts presume differences in language convey differences in meaning. *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1152 (D. Minn. 2025).

27. The presumption against superfluity is "at its strongest" when interpreting two parts of the same statutory scheme. *Maldonado*, 795 F. Supp. 3d at 1152.

28. In the case at bar, the presumption against superfluity is at its 'strongest' because two terms within the same statute (i.e., § 1225(b)(2)) scheme are being interpreted. *Maldonado*, 795 F. Supp. 3d at 1152.

29. § 1225(b)(2) uses both 'seeking admission' and 'applicant for admission,' which connotates a different meaning. *Yao v. Almodovar*, 2025 WL 3653433, at 5 (S.D.N.Y. Dec. 17, 2025). One term requires presence (i.e., applicant for admission) and the other requires present-tense action (i.e., seeking admission). *Yao*, 2025 WL 3653433, at 5. The statute would not use two different terms to describe the same statutory requirement because this is superfluous. They each must be a separate term of art with a distinct legal definition.

30. Put differently, since 'applicant for admission' is a legal term of art, § 1225(b)(2) would not use a different term synonymously in the same sentence. Rather, § 1225(b)(2) would have either 1) used the term 'applicant for admission' again or 2) omitted the term 'seeking admission' entirely. *Yao*, 2025 WL 3653433, at 5 (surrounding language of the statute reinforces these terms are not synonymous).

31. Simply put, if the "two requirements were coterminous, that disjunctive formulation would be superfluous." *Yao*, 2025 WL 3653433, at 5. Statutorily speaking, this means that § 1225(b)(2) has different requirements and applies in a different context than § 1226(a).

32. Accordingly, the Petitioner is not an 'applicant for admission' under § 1225(b)(2) because the Petitioner was not on the threshold of entry when apprehended. Rather, the Petitioner was already in the United States while his immigration proceedings are pending and is therefore detained under § 1226(a).

## CLAIM FOR RELIEF
## PROCEDURAL DUE PROCESS

33. The mandatory detention of the Petitioner in Sarpy County Jail under § 1225(b) is inconsistent and violates well-established principles of procedural due process.

34. One case cited in the "Order of the Immigration Judge" on April 1, 2026, was *Avila v. Bondi*, No. 25-3248 (8th Cir. March 25, 2026).

35. However, at no point does the majority opinion in *Avila* even use the terms "procedural due process" or "due process." See generally *Avila v. Bondi et al.*, No. 25-3248 (March 25, 2026). *Avila* is strictly a case over the interpretation and definition of the terms "seeking admission" and "applicant for admission." *Avila*, No. 25-3248, 2026 WL 819258 at 4. The case examines the language, Congressional intent, grammatical structure, and the overall structure of the statute itself. *Avila*, No. 25-3248, 2026 WL 819258 at 4-6. Arguably, this case is persuasive authority if the Petitioner's argument was purely statutory and was not rooted in procedural due process considerations.

36. At the heart of the Fifth Amendment is the right to be free from deprivation of life, liberty, or property without due process of law.  U.S. Const. amend. V. Liberty is one of the most fundamental rights afforded and at the heart of the Due Process Clause is the freedom from imprisonment. *Zadvydas*, 533 U.S. at 690. The Due Process Clause extends to all "persons" regardless of status, including non-citizens. *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 784 (E.D. Mich. 2025). Indeed, the Fifth Amendment requires adequate procedural protections to ensure that the government's justification for physical confinement outweighs the constitutionally protected interest in avoiding restraint. *Zadvydas*, 533 U.S. at 690.

37. In order to determine whether civil detention violates a detainee's Fifth Amendment Due Process Rights, courts apply a three-part test. *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, courts weigh whether 1) the private interest that will be

affected by the official action, 2) the risk of an erroneous deprivation of such interests through the procedures used, and 3) the government's interest, including the administrative burdens that the additional procedural requirement would entail. *Mathews*, 424 U.S. at 335.

38. When applying the *Mathews* test, the government must establish by clear and convincing evidence that the Petitioner is dangerous or a flight risk. *L.G.*, 744 F. Supp. 3d at 1181.

39. The Petitioner has a significant private interest in being free from physical detention. While being held on a immigration hold, this is effectively "indistinguishable from criminal incarceration." *Maldonado*, 795 F. Supp. 3d at 1148 (citations omitted). The Petitioner is experiencing all of the deprivations of incarceration, including loss of contact with friends and family, loss of incoming earning, lack of privacy, and lack of freedom of movement. *Maldonado*, 795 F. Supp. 3d at 1148. These conditions exist despite the fact the Petitioner has no criminal convictions or pending criminal charges.

40. Under the second *Mathews* factor, whether the challenged procedure creates a risk of erroneous deprivation of the individuals' private rights and the degree to which alternate procedures could reduce these risks is assessed. *Maldonado*, 795 F. Supp. 3d at 1148. Detention without any individualized assessment creates a "high risk of erroneous deprivation" of a protected liberty interest. *Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3466682, at 14 (W.D. Ky. Nov. 27, 2025); see also *Yao v. Almodovar*, No. 2025 WL 3653433 at 11 (S.D.N.Y. Dec. 17, 2025) (ICE's discretion free detention violated the due process) (citations and quotations omitted).

41. Furthermore, as discussed *supra*, the statutory deficiencies and plethora of contrary case law with § 1225(b) being improperly used expound the risk of erroneous deprivation of the Petitioner's due process rights.

42. The third factor is the government's interest, including the fiscal and administrative burdens that the additional procedural requirement would entail. This also requires an assessment of "public interest." *L.G.*, 744 F. Supp. 3d at 1184. Since immigration courts routinely conduct bond hearings, there are "minimal fiscal and administrative

burden(s)" involved. *Hong v. Mayorkas*, 2022 WL 1078627, at 5 (W.D. Wash Apr. 11, 2022) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Additionally, as a DACA recipient, the Petitioner's employment means he is actively and productively contributing to society. Accordingly, the fiscal and administrative burden of holding a bond hearing for the Petitioner is virtually nonexistent. If anything, the Petitioner's freedom (and resulting employment) results in a net positive for the local economy.

43. Accordingly, the fiscal and administrative burden of holding a bond hearing for the Petitioner is virtually nonexistent.

44. Last, if a noncitizen is neither a flight risk nor dangerous, there is no government or public interest in detention. *L.G.*, 744 F. Supp. 3d at 1185. The Petitioner's underlying charges that the Petitioner was arrested for were all dismissed on July 28, 2025. Similarly, the Petitioner has dutifully been in communication with his attorney and attended all immigration hearings.

## PRAYER FOR RELIEF

Wherefore, Petitioner prays that this Court grant the following:

45. Assume jurisdiction over this matter.

46. Grant Petitioner a writ of habeas corpus directing the Respondents to provide the Petitioner with a bond hearing *within one week*.

47. Instruct the Department of Homeland of Security that they have burden of proof to show by clear and convincing evidence that continued detention is necessary to ameliorate the risk of flight or danger.

48. The presiding immigration judge must consider ability to pay a bond and the availability of release with conditions as sufficient to protect any government interest in preventing flight risk or danger.

Respectfully submitted on April 4, 2026.

By: /s/ PAUL J. FORNEY

Paul J. Forney, #24503
Attorney for Respondent
4824 S 24TH ST.
OMAHA, NE 68107
(402) 614-9995

| U.S. Department of Homeland Security | Subject ID : 401616172 | | Record of Deportable/Inadmissible Alien |
|---|---|---|---|

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| GONZALEZ-MARTINEZ, JOVAN LEOBARDO | | | | M | BLK | BRO | |

| Country of Citizenship | Passport Number and Country of Issue | File Number OMA2602000271 204 300 775 | Height 66 | Weight 200 | Occupation unemployed |
|---|---|---|---|---|---|
| MEXICO | | | | | |

**U.S. Address**
IN ICE CUSTODY 1717 AVENUE H. OMAHA, NEBRASKA, 68110, UNITED STATES

Scars and Marks

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number 334180VF1 | □ Single ☒ Divorced □ Married □ Widower □ Separated |
|---|---|---|---|
| Unknown Date Unknown Time, | | | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| MEXICO | 287 |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| 05/11/1994 | Age: 31 | 02/24/2026 | OMA/SPM | See I-831 | 02/24/2026 07:23 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted □ Not Lifted □ | By |
|---|---|---|---|
| MEXICO | | | See Narrative |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | | |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | See Narrative |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| Moore, Emma Mae NATIONALITY: UNITED STATES | 2-UNITED STATES |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| Gonzalez, Leobardo NATIONALITY: MEXICO | Martinez, Maria NATIONALITY: MEXICO |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes □ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | See Narrative |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | Unemployed or Retired | flt | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN: 1142126148      Left Index fingerprint      Right Index fingerprint

FAMILY INFORMATION
--------------------
Father:Gonzalez, Leobardo is a citizen of  MEXICO.
Mother:Martinez, Maria is a citizen of  MEXICO.
Spouse:Moore, Emma is a citizen of  UNITED STATES.
Son:Gonzalez, Leovanni is a citizen of  UNITED STATES.
Son:Gonzalez, Aiden is a citizen of  UNITED STATES.

SUBJECT HEALTH STATUS
------------------------- ...(CONTINUED ON I-831)

| | |
|---|---|
| Alien has been advised of communication privileges 2/24/26 LAPE (Date/Initials) | LUIS D06295 FRESCAS Deportation Officer (Signature and Title of Immigration Officer) |

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: LUIS D06295 FRESCAS |
| | on: February 24, 2026 (time) |
| | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: NIMMO, J 6717 |

Form I-213 (Rev. 08/01/07)

1

U.S. Department of Homeland Security

Continuation Page for Form I-213

| Alien's Name<br>GONZALEZ-MARTINEZ, JOVAN LEOBARDO | File Number<br>204 300 775<br>Event No: OMA2602000271 | Date<br>02/24/2026 |
|---|---|---|

The subject claims good health.

CURRENT ADMINISTRATIVE CHARGES
--------------------------------
02/24/2026 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)02/24/2026 -
212a7AiI - IMMIGRANT WITHOUT AN IMMIGRANT VISA

RECORDS CHECKED
----------------
CIS checked on 02/24/2026 with Negative result.EARM checked on 02/24/2026 with Positive
result.IAFIS checked on 02/24/2026 with Positive result.NCIC checked on 02/24/2026 with
Positive result.TECS checked on 02/24/2026 with Positive result.

ARRESTING AGENTS
----------------
LUIS D06295 FRESCASALEJANDRO CRUZ

ARRESTED AT/NEAR
----------------
DOUGLAS COUNTY JAIL 710 S. 17TH ST., OMAHA, NEBRASKA, 68102, UNITED STATES

RECORD OF DEPORTABLE/EXCLUDABLE ALIEN:
--------------------------------------
METHOD OF ENCOUNTER/APPREHENSION:
On June 22, 2025, officers encountered GONZALEZ-Martinez, Jovan Leobardo (A204300775) during
routine OMA-CAP screenings in the Douglas County Jail in Omaha, Nebraska. GONZALEZ was
arrested and taken into custody for Terroristic Threats, Use of a Deadly Weapon (Not
Firearm) to Commit a Felony, Assault By Strangulation or Suffocation, False Imprisonment in
the First Degree.

An Immigration Detainer-Notice of Action was placed with the jail on June 22,2025, at
Douglas County Corrections.

GONZALEZ posted bond and was taken into ICE Custody on February 23, 2026. GONZALEZ was
transported to Sarpy County Jail on the immigration hold to be processed on February 24,
2026.

ALIENAGE AND REMOVABILITY:
GONZALEZ is not a citizen or national of the United States. GONZALEZ is a citizen and
national of Mexico. GONZALEZ has no record of ever departing from the United States.

GONZALEZ is removable from the United States pursuant to 212(a)(6)(A)(i) of the Immigration
and Nationality Act, as amended, in that you are an alien present in the United States
without being admitted or paroled, or who arrived in the United States at any time or place
other than as designated by the Attorney General.

GONZALEZ is removable from the United States pursuant to 212(a)(7)(A)(i)(I) of the
Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of
application for admission, is not in possession of a valid unexpired immigrant visa, reentry
permit, border crossing card, or other valid entry document required by the Act, and a valid
unexpired passport, or other suitable travel document, or document of identity and
nationality as required under the regulations issued by the Attorney General under section
211(a) of the Act.

IMMIGRATION HISTORY:

| Signature<br>LUIS D06295 FRESCAS | Title<br>Deportation Officer |
|---|---|

2 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

2

U.S. Department of Homeland Security                    Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| GONZALEZ-MARTINEZ, JOVAN LEOBARDO | 204 300 775<br>Event No: OMA2602000271 | 02/24/2026 |

GONZALEZ is a citizen and national of Mexico. GONZALEZ has no record of ever departing from the United States. GONZALEZ got approved for DACA on June 6, 2022 with an expiration date of June 11, 2026.

CRIMINAL HISTORY:
GONZALEZ was, on June 22, 2025, pending convictions in the County Court of Douglas County, Nebraska, for the offense of Terroristic threats Class 3A Felony, in violation of Nebraska Revenue Statute 28-311.01. Charge was dismissed on July 28, 2025

GONZALEZ was, on June 22, 2025, pending convictions in the County Court of Douglas County, Nebraska, for the offense of Use of a Deadly Weapon (Not Firearm) To Commit a Felony Class 2 Felony, in violation of Nebraska Revenue Statute 28-1205(1)(a)&(b). Charge was dismissed on July 28, 2025

GONZALEZ was, on June 22, 2025, pending convictions in the County Court of Douglas County, Nebraska, for the offense of Assault by Strangulation or Suffocation, in violation of Nebraska Revenue Statute 28-310.01. Case bound over to District Court for trial.

GONZALEZ was, on June 22, 2025, pending convictions in the County Court of Douglas County, Nebraska, for the offense of False Imprisonment in the First Degree Class 3A Felony, in violation of Nebraska Revenue Statute 28-314. Case bound over to District Court for trial.

Pending Jury trial court date March 18, 2026 at 0900 am.

FAMILY:
GONZALEZ states he is divorced to Emma Mae Moore (USC) and has 2 (USC) children with Emma Mae Moore. Leovanni Jude Gonzalez, DOB 03/18/2018, and Aiden Jay Gonzalez, DOB 06/16/2019, both united states citizens residing with Emma Mae Moore in Omaha, Nebraska.

HEALTH AND HUMANITARIAN:
GONZALEZ at this present time is considered to be in good health.

DOCUMENTS:
At this time, ICE ERO has no identification documents for GONZALEZ.

SECURITY THREAT GROUP INFORMATION:
GONZALEZ does not claim to be a member of any gang and/or terrorist group, and there is no indication of gang and/or terrorist affiliation.

MILITARY SERVICE:
GONZALEZ does not claim to have ever served in the United States military, or any foreign military.

APPLICATIONS/PETITIONS:
GONZALEZ states he has no pending applications. No applications were found.

CREDIBLE/REASONABLE FEAR:
GONZALEZ claimed fear of returning to his native country of Mexico.

CONSULAR NOTIFICATION:
Officers advised GONZALEZ of his right to speak to a consular officer from his county of citizenship. GONZALEZ did not wish to speak with a representative of Mexico.

PHONE CALL:
GONZALEZ attempted to call his attorney but there was no answer.

The Class Action Notice was served on the alien in [English/Spanish] on February 24, 2026 at

| Signature | | Title |
|---|---|---|
| LUIS D06295 FRESCAS | | Deportation Officer |

3 of 4 Pages

EOIR – 4 of 29

Form I-831 Continuation Page (Rev. 08/01/07)

3

U.S. Department of Homeland Security                    Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| GONZALEZ-MARTINEZ, JOVAN LEOBARDO | 204 300 775<br>Event No: OMA2602000271 | 02/24/2026 |

11:30 a.m. The Class action Notice was served to the alien in English, and the alien was provided an interpretation in Spanish on February 24, 2026 11:30 a.m.

DISPOSITION:
GONZALEZ is currently in custody at Sarpy County Jail in Bellevue, Nebraska, held without a bond and pending his immigration proceedings.


OTHER IDENTIFYING NUMBERS
---------------------------
ALIEN-204300775

| Signature | Title |
|---|---|
| LUIS D06295 FRESCAS | Deportation Officer |

4 of 4 Pages

4



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**OMAHA IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br><br>GONZALEZ-MARTINEZ, JOVAN LEOBARDO<br><br>To:<br><br>Forney, Paul<br>4824 S 24TH ST<br>OMAHA, NE 68107 | A-Number:<br>204-300-775<br>Riders:<br>In Custody Redetermination Proceedings<br><br>Date:<br>04/01/2026 |

### ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because

IJ has no jurisdiction - respondent is an applicant for admission under INA 235.
Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025); Joaquin Herrera Avila
v. Pamela Bondi, etc., et al. ,No. 25-3248 (8th Cir. March 25, 2026).

☐ Granted. It is ordered that Respondent be:
   ☐ released from custody on his own recognizance.
   ☐ released from custody under bond of $
   ☐ other:

☐ Other:

Immigration Judge: Morrissey, Matthew 04/01/2026

Appeal:    Department of Homeland Security: ☑ waived ☐ reserved
           Respondent:                       ☐ waived ☑ reserved
Appeal Due:

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : GONZALEZ-MARTINEZ, JOVAN LEOBARDO | A-Number : 204-300-775
Riders:
Date: 04/01/2026 By: CRNKOVICH, KARA, Court Staff