IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOVAN LEOBARDO GONZALEZ-
MARTINEZ,

Petitioner,

vs.

TODD BLANCHE,[1] in his official capacity as
Attorney General of the United States; TODD
LYONS, ins his official capacity as Acting
Director; ALLEN GILL, in his official capacity
of Field Office Director of Omaha; ROB
JEFFREYS, in his official capacity of Director
of Nebraska Department of Corrections; and
DEPARTMENT OF HOMELAND SECURITY,

Respondents.

8:26CV143

ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Jovan Leobardo Gonzalez-Martinez's petition for a writ of habeas corpus. (Filing No. 1).

Gonzalez-Martinez is a Mexican national and citizen who entered the United States "on an unknown date[.]" (Filing No. 1 at 2, 4). He is a recipient under the Deferred Action for Childhood Arrivals (DACA) program. (Filing No. 1 at 4).

In June 2025, Gonzalez-Martinez was in custody on state charges at the Douglas County Jail in Omaha, Nebraska. (Filing No. 1 at 4). Officers from U.S. Immigration and Customs Enforcement (ICE) found him there following routine Criminal Alien Program screenings. (Filing

---

[1] Acting Attorney General Blanche is automatically substituted for his predecessor under Fed. R. Civ. P. 25(d).

No. 1 at 4). After Gonzalez-Martinez posted bond on the state charges, ICE took him into custody in February 2026. (Filing No. 1 at 4). ICE issued a Notice to Appear initiating removal proceedings against Gonzalez-Martinez and took him to the Sarpy County Jail. (Filing No. 1 at 4, 12).

An immigration judge denied Gonzalez-Martinez's request to be released on bond during the pendency of his immigration proceedings. The immigration judge reasoned that he lacked jurisdiction to issue a bond under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

In response, Gonzalez-Martinez filed this petition for a writ of habeas corpus. He alleges that his detention without a bond hearing is unlawful and seeks, among other relief, an order directing Respondents to provide him a bond hearing within one week. (Filing No. 1 at 10). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Gonzalez-Martinez] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Gonzalez-Martinez]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Gonzalez-Martinez's] detention." *Id.*

Though, as Gonzalez-Martinez acknowledges, the Eighth Circuit has now held that petitioners like him have no statutory right to a bond hearing, *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026), he says the Eighth Circuit did not address the constitutional claims raised in his petition. (Filing No. 1 at 8); *cf. Avila,* 2026 WL 819258 at *8 n.8 (Erickson, J., dissenting). Thus, the Court will hear from the Respondents before determining whether Gonzalez-Martinez is entitled to any relief. Accordingly, the Court orders Gonzalez-Martinez to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Gonzalez-Martinez replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Gonzalez-Martinez may not be removed from the United States or the District of

Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Jovan Leobardo Gonzalez-Martinez shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 7th day of April, 2026.

BY THE COURT:

_____

Susan M. Bazis
United States District Judge

3