IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOVAN LEOBARDO GONZALEZ-
MARTINEZ,

                    Petitioner,

          vs.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States;[1]
TODD LYONS, ins his official capacity as
Acting Director; ALLEN GILL, in his official
capacity of Field Office Director of Omaha;
ROB JEFFREYS, in his official capacity of
Director of Nebraska Department of
Corrections; and DEPARTMENT OF
HOMELAND SECURITY,

                    Respondents.

**8:26CV143**


**MEMORANDUM AND ORDER**

 

This matter is before the Court on Petitioner Jovan Leobardo Gonzalez-Martinez's petition for a writ of habeas corpus. (Filing No. 1). Gonzalez-Martinez, a noncitizen facing removal from the United States, is detained by U.S. Immigrations and Customs Enforcement. He alleges his detention is unlawful because he has not received a bond hearing. For the reasons set forth below, his petition will be denied.

## BACKGROUND

Gonzalez-Martinez is a Mexican national and citizen. (Filing No. 1 at 2). He entered the United States at an unknown date and at an unknown location (Filing No. 1 at 4) but was approved

---

[1] Acting Attorney General Blanche is automatically substituted for his predecessor under Fed. R. Civ. P. 25(d).

under the Deferred Action for Childhood Arrivals (DACA) program in 2013. (Filing No. 8 at 3). Gonzalez-Martinez renewed his DACA status continuously since then[2] and has an approved form I-821D through June 2026. (Filing No. 8 at 3). Gonzalez-Martinez also has work authorization through June 2026. (Filing No. 8 at 3).

In June 2025, U.S. Immigration and Customs Enforcement (ICE) found Gonzalez-Martinez in the Douglas County Jail, where he was being held on state charges. (Filing No. 8 at 4). ICE sent a detainer and an arrest warrant to the jail. (Filing No. 8 at 4). Around eight months later, Gonzalez-Martinez was released on bond and ICE detained him. (Filing No. 8 at 4). ICE served Gonzalez-Martinez with a Notice to Appear initiating removal proceedings against him in February 2026. (Filing No. 8-1). At some point, ICE transferred him to the Sarpy County Jail, where he remains. (Filing No. 8 at 4).

Gonzalez-Martinez sought release on bond during the pendency of his removal proceedings, but an immigration judge denied his request. (Filing No. 1 at 16). Relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026), the immigration judge reasoned that she "ha[d] no jurisdiction" to issue a bond. (Filing No. 1 at 16).

This petition for a writ of habeas corpus followed. (Filing No. 1). Gonzalez-Martinez alleges his detention is unlawful in that he is currently being mandatorily detained under 8 U.S.C. § 1225(b)(2) and has not been afforded a bond hearing. (Filing No. 1 at 5). He seeks, among other relief, an order "directing the Respondents to provide [him] with a bond hearing within one week." (Filing No. 1 at 10). In Gonzalez-Martinez's view, "[t]he issue is whether [he] should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing." (Filing No. 1 at 5). Gonzalez-Martinez also alleges that his detention without a bond hearing "violates well-established principles of procedural due process." (Filing No. 1 at 8).

---

[2] ICE Deportation Officer Archer, however, states that he "submitted a request for the revocation of [Gonzalez-Martinez's] DACA" in April 2026 after reviewing a domestic abuse protection order entered against Gonzalez-Martinez. (Filing No. 8 at 4).

2

The Court directed Gonzalez-Martinez to serve his petition on Respondents (Filing No. 3) and ordered Respondents to file a return on the petition within three business days of service to show cause why the petition should not be granted. The Respondents did so (Filing No. 6) and Gonzalez-Martinez replied (Filing No. 9). Gonzalez-Martinez agreed to waive a hearing on his petition, and the Court deemed the matter submitted on the parties' written arguments. (Filing No. 9 at 4); *see* 28 U.S.C. § 2243.

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts may grant writs of habeas corpus. 28 U.S.C. § 2241(a). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Gonzalez-Martinez bears the burden to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

Gonzalez-Martinez's petition raises two issues: whether he is entitled to a bond hearing on either statutory or constitutional grounds.

The Eighth Circuit's decision in *Avila v. Bondi* forecloses Gonzalez-Martinez's statutory argument. That case "concern[ed] the scope of the Government's power to detain aliens under 8 U.S.C. § 1225." *Avila v. Bondi*, 2026 WL 819258, at *2 (8th Cir. Mar. 25, 2026). Section 1225(a)(1) specifies that the statute applies to an alien who is an "applicant for admission." By definition, "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila*, 2026 WL 819258, at *2 (citing 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

3

A different part of the statute "describes the Government's power to detain" applicants for admission. *Id.* "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for [removal proceedings]." § 1225(b)(2)(A) (emphases added). Unlike "applicant for admission," the phrase "seeking admission" is left undefined in the statute. *See id.* "Thus, taking § 1225(a)(1) and (b)(2)(A) together, the central inquiry is whether an alien who is an "applicant for admission" is also "seeking admission" under § 1225(b)(2)(A)." *Avila,* 2026 WL 819258, at *2. If they are, "then, generally, any 'alien present in the United States who has not been admitted'"—like Gonzalez-Martinez here—"shall be detained." *Id.* (quoting § 1225(a)(1), (b)(2)(A)).

The Eighth Circuit held that the terms are equivalent. It "agree[d] with the Fifth Circuit that the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same." *Id.* (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 502 (5th Cir. 2026)). So while a noncitizen remains an "applicant for admission" so long as they are "present in the United States [and] has not been admitted," they are also "presently seeking admission" during this time, regardless of whether they take "any further affirmative steps to gain admittance." *Id.*

*Avila* settles the issue of whether § 1225 applies to Gonzalez-Martinez. It does. He is an "applicant for admission" as that term is defined by statute: "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). He is an "alien present in the United States." *Id.* And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). As an applicant for admission, binding[3] Eighth Circuit precedent requires that Gonzalez-Martinez be detained under § 1225(b)(2). *Avila,* 2026 WL 819258, at *2. Thus, the statutory argument he raises in his petition fails.

But, Gonzalez-Martinez says, *Avila* did not foreclose his procedural due process claim. He is correct that the Eighth Circuit's decision in *Avila* was based on its construction of § 1225(b)(2),

---

[3] In his reply, Gonzalez-Martinez suggests *Avila* would be "persuasive authority" if his "argument was purely statutory and was not rooted in procedural due process considerations." (Filing No. 9 at 3). Even if that were so, he is mistaken. *Avila* is binding on the Court. *See Hood v. United States,* 342 F.3d 861, 864 (8th Cir. 2003) (district courts in the Eighth Circuit are bound to apply Eighth Circuit precedent).

not the Fifth Amendment. *Cf. id.* at *8 n.8 (Erickson, J., dissenting). Well-established principles from other cases, however, establish that he is not entitled to relief on constitutional grounds.

There is no question the Fifth Amendment entitles aliens to due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). But at the same time, the U.S. Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). In *Demore,* the Supreme Court reaffirmed its "longstanding view that the [g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. The reason, according to the Court, was that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "In other words, the government has more flexibility when dealing with immigration." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024). And as an "applicant for admission," Gonzalez-Martinez "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 105 (2020). Gonzalez-Martinez has no right to a bond hearing given § 1225(b)(2)'s application to him. Under that statute, he "shall be detained" and is not entitled to a bond hearing as a matter of procedural due process. *See Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018) (characterizing § 1225(b)(2) as "mandat[ing] detention of applicants for admission until certain proceedings have concluded.").

Gonzalez-Martinez does not grapple with those authorities. Instead, he relies exclusively on—and faults the Respondents for not addressing—the three-factor test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). (Filing No. 9 at 3). It is true, as Gonzalez-Martinez points out, that deciding what process is due ordinarily requires a form of interest balancing. But cases like *Demore* "leave no room for a multi-factor 'reasonableness' test" and "have already done whatever balancing is necessary" in the detention context. *Banyee,* 115 F.4th at 933. *See, e.g., Demore*, 538 U.S. at 528, (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual

determination' [Gonzalez-Martinez] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). *Mathews* is therefore inapplicable here.

In sum, *Avila* forecloses Gonzalez-Martinez'a statutory arguments. While *Avila* does not foreclose Gonzalez-Martinez's procedural due process claim, other Supreme Court and Eighth Circuit precedent does. Thus, Gonzalez-Martinez is not entitled to habeas relief. Accordingly,

**IT IS ORDERED:**

1. Petitioner Jovan Leobardo Gonzalez-Martinez's petition for a writ of habeas corpus (Filing No. 1) is denied.

2. A separate judgment will be entered.

Dated this 17th day of April, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge

6